HAZELWOOD DOCK CO. v. PALMER et al.

(Circuit Court of Appeals, Third Circuit. November 1, 1915.)

No. 1989.

1. ADMIRALTY ⊕═16—JURISDICTION—LIENS—BY WHAT DETERMINED.

Where a libel alleged facts which entitled libelant to a maritime lien, the jurisdiction of a court of admiralty of the cause was not affected by the fact that it found the allegations to be untrue, and that libelant was not entitled to a lien.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 23–28, 191–205; Dec. Dig. ⊕═16.]

2. COURTS ⊕═405—FEDERAL COURTS—JURISDICTION OF CIRCUIT COURTS OF APPEALS.

In such case a decree for respondent was on the merits and not for want of jurisdiction, and an appeal by libelant lies to the Circuit Court of Appeals and not to the Supreme Court.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 1097–1099; Dec. Dig. ⊕═405; Appeal and Error, Cent. Dig. §§ 156, 3302.]

3. ADMIRALTY ⊕═121—DECREE DISMISSING LIBEL—POWER TO AWARD COSTS.

Also, in such case the court had power to award costs.

[Ed. Note.—For other cases, see Admiralty, Cent. Dig. §§ 795, 796; Dec. Dig. ⊕═121.]

Appeal from the District Court of the United States for the Western District of Pennsylvania; Charles P. Orr, Judge.

Suit in admiralty by the Hazelwood Dock Company against Hugh J. Palmer and Marian G. Palmer. Decree for respondents, and libelant appeals. Affirmed.

Lowrie C. Barton, of Pittsburgh, Pa., for appellant.
Samuel H. Bradshaw, of Pittsburgh, Pa., for appellees.

Before BUFFINGTON, McPHERSON, and WOOLLEY, Circuit Judges.

BUFFINGTON, Circuit Judge. In the court below the Hazelwood Dock Company filed a libel based on a written contract against a certain houseboat whereof Hugh J. Palmer and Marian G. Palmer, his wife, were owners. The owners subsequently appeared and claimed the boat. The libel, as subsequently amended, asserted a claim for repairs under section 1 of the Act of Congress of June 23, 1910, c. 373, 36 Stat. 604 (Comp. St. 1913, § 7783), which provides:

"That any person furnishing repairs, supplies, or other necessaries, including the use of dry dock or marine railway, to a vessel, whether foreign or

⊕═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

domestic, upon the order of the owner or owners of such vessel, or of a person by him or them authorized, shall have a maritime lien on the vessel which may be enforced by a proceeding in rem, and it shall not be necessary to allege or prove that credit was given to the vessel."

On final hearing the court decided the proofs did not disclose a case of repairs to a houseboat owned by the claimants, but in reality the claim was for the construction of such houseboat by the libelant under contract, and furnishing it to the Palmers. From a decree dismissing the libel with costs to the claimants, the libelant took this appeal.

The questions here involved are, first, whether, as contended by the appellant, the contract was for repairs to a vessel; second, whether the court had power to award costs; and, third, whether, as contended by the appellees this court is without jurisdiction of this appeal.

The questions involved are so intermingled we discuss them together. The pleadings in the cause, as amended, alleged the Palmers were the owners of a flatboat; that they "applied to the said libelant to repair said flatboat and build thereon a cabin for their use as a houseboat"; and that the parties "entered into a contract whereby said libelant was to repair said flat, furnish the material, and do the work necessary to make a boat of the size, dimensions, and kind according to the terms of the contract between them." It will therefore appear the case stated was one for "furnishing repairs * * * upon the order of the owners of such vessel," and, if it was sustained by proof, warranted entry of a decree adjudging the libelant "shall have a maritime lien on the vessel, which may be enforced by a proceeding in rem."

Of such a case and controversy, the District Court was given express statutory jurisdiction. Indeed, if the respondents had demurred on the ground of lack of jurisdiction, their demurrer would have been overruled on the face of the averments in the libel. Having jurisdiction to enter the final decree above stated, it necessarily follows the District Court had jurisdiction to take the proofs and from them ascertain the facts which would warrant the entry or refusal of such decree. A court's jurisdiction is its authority to hear and determine a cause. Its decision in a particular case has nothing to do with its jurisdiction of the cause. Decision is a sequence of jurisdiction, not its source. It follows therefore that in the case in hand the jurisdiction of the District Court as a court of admiralty over this cause is clear, since it had statutory authority to hear and determine the alleged claim of the libelant for repairs. Such question of repairs it accordingly heard and decided, and, having found the case was one of original construction, and therefore not one of repairs, it dismissed the libel. The libelant in this appeal alleges error in the court's exercise, not in its assumption, of jurisdiction. This, libelant has an undoubted right to do; and of that right it cannot be deprived by the respondent's contention that libelant's appeal should have been taken to the Supreme Court on the ground of alleged lack of jurisdiction in the court below. To this contention, that libelant's appeal should have been to the Supreme Court, we cannot yield. The libelant is not challenging the jurisdiction of the court below, for its libel

asserts and states a case of alleged repair, which is the statutory ground for such jurisdiction. Libelant does not call in question the court's jurisdiction, but an alleged error in exercising its jurisdiction. This alleged wrongful exercise of a rightfully assumed jurisdiction is the only question the libelant desires to raise on appeal, and the jurisdiction to pass on that question is vested, not in the Supreme Court, but in the Circuit Court of Appeals. The appeal being therefore properly before us, we find no error was committed by the court below. The facts showed the libelant made no repairs for the respondents on the houseboat in question. The so-called repair work which the libelant did was done on a hull which libelant itself bought and paid for. The respondents had neither title nor claim to the hull while the houseboat was being built, and acquired no ownership of it until it was completed and delivered to the respondents in pursuance of a prior contract in writing between them and the libelant, wherein the libelant agreed, for the sum of $800, payable in installments, to thereafter furnish respondents with a boat of certain dimensions, and the respondents agreed not to take the boat away from the vicinity until it was paid for in full. The right of the libelant to a decree turns on its establishing the fact that it had repaired a vessel owned by the respondents. This fact it failed to prove, and the court, after full and final hearing on bill, answer, and proof, entered a decree dismissing libelant's unsustained libel.

We agree with the conclusion reached by the court below that "the libelant is not entitled to a lien, and the libel must be dismissed at plaintiff's costs." The contention that the court below was without power to award costs cannot be sustained. This libel was not dismissed for want of jurisdiction, but because libelant had not established by proof the lien which by its pleadings it invoked the jurisdiction of the court to decree. Decisions such as Citizens' Bank v. Cannon, 164 U. S. 319, 17 Sup. Ct. 89, 41 L. Ed. 451, do not apply to a case like the present. On the contrary, it is in line with Lowe v. Benjamin, 1 Wall. Jr. 187, Fed. Cas. No. 8,565; The City of Florence (D. C.) 56 Fed. 236.

For the reasons stated, we are of the opinion the case was rightly decided by the court below, that it had power to award costs against libelant, and that this court has jurisdiction of this appeal. The view we have taken renders it unnecessary to decide whether this houseboat was a vessel within the meaning of the act. The decree below will be affirmed.