## Case No. 8,565.

### LOWE v. The BENJAMIN.

[1 Wall. Jr. 187.] [1]

Circuit Court, E. D. Pennsylvania. April, 1847.

COSTS CONNECTED WITH WANT OF JURISDICTION.

Where a libel is dismissed for want of jurisdiction apparent on its face, costs of suit cannot be awarded to either party, though the costs of the motion to dismiss may be to the party which succeeds. But where, on the face of the libel, the court has jurisdiction, and the want of it, though really existing, is disclosed only by the defendant's answer and the evidence taken in the case, costs of suit may be awarded to the party who succeeds.

[Quoted in The City of Florence, 56 Fed. 236.]

[Appeal from the district court of the United States for the Eastern district of Pennsylvania.]

Lowe had libelled the canal boat Benjamin in the district court. The libel was in the ordinary form, and set forth, in the usual general words, "the ebb and flow of the tide within the admiralty and maritime jurisdiction," &c., and such navigation as was requisite to give the court jurisdiction of the case. The answer denied the jurisdiction, and stated such facts as to the course of the vessel's voyages, and as to the sort of water that she navigated, as, if true, went to oust the jurisdiction. Evidence was accordingly taken upon these facts, and the jurisdiction was made one point of the case both in the district court and here, where it came from that court by appeal. The district court decided in favour of the jurisdiction [Case No. 8,580]. This court decided against it, and dismissed the libel for want of jurisdiction.

After this dismissal, Mr. Harris, for defendant, moved for costs of the suit.

Mr. Griscom, for libellant, opposed the motion on the ground that, as the libel had been dismissed because the court had no jurisdiction of the case, it was impossible to give costs; for that these could not be given unless the court had jurisdiction over the parties (M'Iver v. Wattles, 9 Wheat. [22 U. S.] 650), which it had been already decided in this very case that they had not.

GRIER, Circuit Justice. It is well settled that where a case is dismissed for want of jurisdiction apparent on the face of the record, the court will award costs to neither party; and this for the reason that the court, manifestly having no jurisdiction, cannot inquire into the facts, and of course can give

―――――

[1] [Reported by John William Wallace, Esq.]

no judgment. While, at the same time, as the parties are in court for the purposes of the suit, the court will order the costs of the motion, as distinguished from costs of the suit or costs generally, to be paid to the party moving. Ex parte Davis, 5 Cow. 33; People v. Judges of Madison Co., 7 Cow. 423.

But where, on the showing of the plaintiff's writ and declaration, the court has apparent jurisdiction of the subject-matter of the cause, and the want of jurisdiction is first disclosed by the plea and evidence, the defendant ought to have judgment for his costs, in the same manner as if he had succeeded on the trial by the interposition of any other plea: and this for the reason that the parties are in court on the issue, and judgment has been rendered thereon.

The case before us is of the latter sort: The libel showed no want of jurisdiction. It, on the contrary, was regular enough, and the want of jurisdiction was first stated in the answer. Jurisdiction was one of the issues tried, and the subject of evidence and argument on both sides, as well in the district court as here. The parties were before the court, which had jurisdiction of the subject thus presented to them for trial. After some consideration, we can discover no good reason why the defendant should not recover his costs, which, in accordance with a reputable precedent (Thomas v. White, 12 Mass. 370), we decree accordingly.