### HORNTHALL v. THE COLLECTOR.

1. The jurisdiction of suits between citizens of the same State, in internal revenue cases, conferred by the act of March 2d, 1833, "further to provide for the collection of duties on imports" (4 Stat. at Large, 632), and the act of June 30th, 1864, "to provide internal revenue," &c. (13 Id 241), was taken away by the act of July 13th, 1866, "to reduce internal taxation, and to amend an act to provide internal revenue," &c. (14 Id. 172). *Insurance Company* v. *Ritchie* (5 Wallace, 541), affirmed.

2. Where such citizenship as is necessary to give jurisdiction to the Federal courts is not averred, the suit cannot be maintained.

3. Where the Circuit Court dismisses a bill for want of jurisdiction apparent on its face, the general rule is not to allow costs.

APPEAL from the Circuit Court for the Southern District of Mississippi; the case being thus:

The Judiciary Act of 1789 limits the jurisdiction of the Federal courts, so far as determined by citizenship, to "suits between a citizen of the State in which the suit is brought and a citizen of another State."

An act of 1833,† "to provide further for the collection of

---

† 4 Stat. at Large, 632.

*duties on imports,*" extended the jurisdiction to cases arising under "*the revenue laws* of the United States," where other provision had not been made. And it authorized any person injured, in person or property, on account of any act done "under any law of the United States for the protection of *the revenue or* the collection of duties on imports," to maintain suit in the Circuit Court. It also allowed any person sued in a State court, on account of any act done "under the *revenue laws* of the United States," to remove the cause, by a mode which the act itself set forth, into the Circuit Court of the United States.

With the passage of the internal revenue laws made necessary by the late rebellion, it was doubted by some persons whether this act of 1833 extended to cases under the new enactments. And the internal revenue act of 1864,* by its fiftieth section, extended in general words "the provisions" of the act of 1833 to cases arising under the *internal* revenue acts.

By an internal revenue act of the 13th July, 1866,† however (§ 67), Congress made provision for removing cases from State courts to the Circuit Court, authorizing such removal in a way which it particularized, "in any case, civil or criminal, where suit or prosecution shall be commenced in any court of any State against any officer of the United States, . . . or against any person acting under or by authority of any such officer, on account of any act done under color of his office," &c.

And by the sixty-eighth section, immediately following, it "repealed" the fiftieth section of the act of 1864, with, however, this proviso:

"*Provided*, That any case which may have been removed from the courts of any State under said fiftieth section to the courts of the United States, shall be remanded to the State court from which it was so removed, with all the records relating to such cases, unless the justice of the Circuit Court of the United States in which such suit or prosecution is pending shall be of opinion that said case would be removable from the court of the State

---

* 13 Stat. at Large, 241.    † 14 Id. 172.

to the Circuit Court under and by virtue of the provisions of *this* act."

In this state of the statutes Hornthall & Kuhn, describing themselves in the same as "partners in trade in the city of Vicksburg, *State of Mississippi*," filed a bill against one Keary, described in it as "collector of internal revenue of the United States for the second collection district of the *State of Mississippi*," praying for an injunction to restrain Keary from collecting an internal revenue tax assessed on certain cotton of theirs, which tax they alleged was not due, but which the respondent nevertheless threatened, as they alleged, to collect by distraint of their goods. In the subpœna both parties were described as citizens of the State of Mississippi. On demurrer the court below, sustaining the demurrer, dismissed the bill *for want of jurisdiction apparent on its face, and awarding costs to the respondent.* The other side took this appeal.

*Mr. Hoar, Attorney-General, and Mr. Field, Assistant Attorney-General, for the collector:*

The case is both plain and simple. No question as to whether the collector was right or wrong in what he did or threatened to do can trouble this court, nor whether any injunction would lie to restrain him, conceding that he was wrong. We are stopped before getting so far, for the bill does not show affirmatively that the complainants and respondent are citizens of different States; but, on the contrary, shows by implication that they are not. The appeal must, of course, be dismissed for want of jurisdiction.*

*Mr. Sharkey, contra:*

The assumption of the counsel of the government is not one exactly accurate. The collector is not named in the bill as a citizen of Mississipi, but is sued in his official capacity, without naming his residence. He is sued as an officer of the United States.

But has not the Federal judiciary jurisdiction in all reve-

---

* Insurance Company *v.* Ritchie, 5 Wallace, p. 541.

Restatement of the case in the opinion.

nue cases? It is supposed that the counsel below acted on this presumption. Without extended argument on this subject, which is far more familiar to the court than it is to the counsel, the case is respectfully submitted.

Mr. Justice CLIFFORD stated the particulars of the case, and delivered the opinion of the court.

Owners or holders of cotton, produced within the United States, upon which no tax has been levied, paid, or collected, are required by the act of the thirteenth of July, 1866, as amended, to pay a tax upon the same of two and one-half cents per pound, and the provision is that such tax shall be and remain a lien thereon in the possession of any person whomsoever from the time the act took effect, or the cotton was produced as aforesaid, " until the same shall have been paid."* Due notice in writing was given by the appellee, as collector of internal revenue for that district, on the ninth of May, 1866, to the appellants, that a tax on three hundred and forty-one bales of cotton, amounting to three thousand one hundred and forty-seven dollars and twenty-three cents, had been assessed against them under that act as amended, by the assessor of that collection district, and that a list of the same in due form had been transmitted to him for collection. Payment of the tax having been delayed beyond the time allowed by law, they were also notified that they had become liable to pay five per cent. additional upon the amount of the same, together with interest from the first day of January preceding the date of the notice, and that, if the tax was not paid within ten days from the service of the notice, the same would be collected by distraint and sale of property. Before the ten days expired the appellants filed their bill of complaint in the Circuit Court for that district, praying that the appellee, as such collector, might be enjoined from enforcing the payment of the tax for several reasons, of which the following are the most material:

1. They admit that, during the winter preceding the filing of the bill of complaint, they shipped from that port three

* 14 Stat. at Large, 98; Ib. 471.

hundred and forty-one bales of cotton, but they allege that the internal revenue tax on the same was duly paid to the collector, or to his legally authorized deputy; that the permits for the shipment were duly issued by that officer, though they cannot be exhibited, as they still remain in his possession; and they also allege that the charge in the notice that the tax on the cotton is unpaid is a fraudulent and corrupt fabrication.

2. That the proceedings threatened by the collector are not authorized by the acts of Congress providing for the collection of such taxes; that such proceedings are applicable only to the collection of taxes on incomes, licenses, and the like, and not to the collection of the cotton tax, as that is made a specific lien on the cotton, which cannot be removed from the district where it was produced until the tax is paid or a bond given to secure such payment.

Pursuant to the prayer of the bill of complaint an injunction was issued forbidding the collection of the tax until the further order of the court, but on motion of the district attorney the injunction was subsequently dissolved. Required to plead, answer, or demur, the district attorney demurred specially to the bill of complaint, showing for cause: (1.) That it was not the proper remedy for the alleged grievance; that the remedy, if any, was by appeal to the commissioner. (2.) That the Circuit Court has no jurisdiction in equity to enjoin the collection of internal revenue taxes. Both parties were heard, and the court sustained the demurrer, dismissed the bill of complaint, and awarded costs to the respondent, and the complainants appealed to this court.

Jurisdiction of the Circuit Court in the case is denied in argument by the appellee upon two grounds: (1.) Because the parties to the suit are citizens of the same State. (2.) Because the Circuit Court has no power to afford a remedy by injunction for such a grievance; but in the view taken of the case it will not be necessary to examine the second proposition with much particularity, as the first is clearly correct and must prevail.

Controversies between citizens of different States are

plainly within the judicial power of the United States, as conferred by the Constitution; and Congress provided in the eleventh section of the Judiciary Act that the Circuit Courts should have original cognizance, concurrent with the courts of the several States, of suits between a citizen of the State where the suit is brought and a citizen of another State.* Citizenship of the parties to a suit, where it is the foundation of jurisdiction in the Federal courts, must be distinctly averred, so as to show not only that they are citizens of different States but also that one of them is a citizen of the State where the suit is brought.† Express allegation of the facts material to give jurisdiction is necessary, because such courts are courts of special and not of general jurisdiction, and consequently there is no presumption in favor of their jurisdiction where the facts requisite to show it do not appear in the record.‡ Nothing of the kind is shown in this case, either in the pleadings or in any part of the proceedings in the suit. On the contrary, the complainants are described in the bill of complaint as partners in trade in the city of Vicksburg, State of Mississippi, and the respondent is therein described as the collector of internal revenue of the United·States for the second collection district of Mississippi, leaving it to be clearly inferred that both parties are citizens of the same State. But the matter is not left to inference, as the parties are in express terms described as citizens of Mississippi in the subpœna which was issued at the same time on motion of the complainants.

Unable successfully to deny that proposition, the next suggestion of the appellants is that all revenue cases are within the jurisdiction of the Circuit Courts, but the suggestion cannot be sustained, as will be seen by reference to the several acts of Congress upon that subject.§

---

* 1 Stat. at Large, 78.

† Conkling, Treatise, 4th ed., 344; Bingham *v.* Cabot, 3 Dallas, 382; Gassies *v.* Ballon, 6 Peters, 761.

‡ Turner *v.* Bank of America, 4 Dallas, 8; Sullivan *v.* Steamboat Company, 6 Wheaton, 450.

§ Insurance Company *v.* Ritchie, 5 Wallace, 541; Philadelphia *v.* Collector, Ib. 728.

Provision was made by the second section of the act of the second of March, 1833, that the jurisdiction of the Circuit Courts should extend to all cases in law or equity arising under the several laws of the United States for which other provisions were not already made by law.* Undoubtedly the act was passed for the protection of the officers charged with the collection of import duties, but the same provision was, by the fiftieth section of the act of the thirtieth of June, 1864, extended to cases arising under the laws for the collection of internal duties.†

Strong doubts are entertained whether the Circuit Courts, even during the period when that provision was in force, were authorized to enjoin the collection of internal revenue taxes, but it is not necessary to decide the point, as Congress subsequently repealed the fiftieth section of the last-named act, and expressly enacted that the original act should not be so construed as to apply to cases arising under the other sections of the act, or to any act in addition thereto, or in amendment thereof, nor to any case in which the validity or interpretation of said act or acts shall be in issue.‡

Suits between citizens of different States may still be brought in the Circuit Courts, but where both parties reside in the same State the Circuit Courts have no original cognizance of any case arising under the internal revenue laws. Such cases, when commenced against an officer acting under those laws, in a State court, may be removed, on petition of the defendant, into the Circuit Court for the district, and the jurisdiction of the court is clear beyond dispute, irrespective of the citizenship of the parties; but the act of the second of March, 1867, provides that no suit for the purpose of restraining the assessment or collection of a tax shall be maintained in any court.§

Viewed in any light the Circuit Court had no jurisdiction of this controversy, and consequently this court has no power to grant the relief prayed for in the bill of complaint.

Costs were improperly allowed in the court below, as the

---

* 4 Stat. at Large, 632.     † 13 Ib. 241, § 50.     ‡ 14 Id 172, § 67.
¶ 14 Stat. at Large, 475; Philadelphia v. Collector, 5 Wallace, 730.

case was dismissed for the want of jurisdiction on the face of the pleadings, and in such cases the general rule is that costs will not be allowed in this court.* Sometimes an exception to that rule is admitted, as where the defendant in the court below is the defendant in this court, but inasmuch as the costs were improperly awarded in his favor by the Circuit Court, the better opinion is that he is not entitled to the benefit of that exception, as the decree in his favor must be reversed to correct that error.†

Decree REVERSED, and cause remanded, with directions to dismiss the bill of complaint, but

WITHOUT COSTS.

---

* McIver *v.* Wattles, 9 Wheaton, 650; Strader *v.* Graham, 18 Howard, 602; Inglee *v.* Coolidge, 2 Wheaton, 363; Montalet *v.* Murray, 4 Cranch, 47; Bradstreet *v.* Potter, 16 Peters, 318.

† Winchester *v.* Jackson, 3 Cranch, 514.