## THE CITY OF FLORENCE.

### YOUNG v. THE CITY OF FLORENCE.

(District Court, E. D. Louisiana. June 1, 1893.)

ADMIRALTY—COSTS—JURISDICTION.

The general rule that, where the court has no jurisdiction, it cannot adjudge costs, does not apply when want of jurisdiction does not appear by the averments of the libel, but is only disclosed by subsequent pleadings or evidence, after the parties are in court; and in such case costs may be adjudged against libelant on dismissing the libel. Lowe v. The Benjamin, 1 Wall. Jr. 187, followed.

In Admiralty. Libel by William Young against the steamboat City of Florence. Heard on application of the libelant for a rehearing and modification of the decree in respect to the costs, which were adjudged against him on the dismissal of the libel for want of jurisdiction. Denied.

John D. Grace, for libelant.
Rouse & Grant, for claimant.

BILLINGS, District Judge. This case is submitted upon an application of the libelant for a change in the decree which adjudged costs against him. The suit was a suit of a minority part owner to control the use of the vessel. The allegations in the libel were that the libelant had a title to, and owned, one-third of the boat. After the litigation had proceeded some way, and the cross libel had been filed, an amended libel was filed by libelant, by which it appeared that he had no legal title whatever to a third of the boat, but only a conditional contract for it. Upon these facts appearing the claimants excepted to the jurisdiction of the court to hear the case at the instance of the libelant, who had no title except an equitable title. The court maintained the exception, and it dismissed the libel at the libelant's costs. The question is, was there error in adjudging costs? The authorities cited by the proctor for the libelant abundantly justify his position that it is a general rule, where the court has no jurisdiction, it cannot adjudge costs; but there is an exception to that rule which is based upon clear and well-recognized reasons, and it is that where, according to the averments of the libelant, or plaintiff, or complainant, the court has jurisdiction, and it is not until there is a disclosure by plea and evidence that the want of jurisdiction could be arrived at, in such a case costs are adjudged. In Lowe v. The Benjamin, 1 Wall. Jr. 187, at page 188, Judge Grier says:

"But where, on showing of the pleas, writs, and declarations, the court has apparent jurisdiction of the subject-matter of the cause, and the want of jurisdiction is first disclosed by the plea and evidence, the defendant ought to have judgment for his costs in the same manner as if he had succeeded on the trial by the interposition of any other plea; and this, for the reason that the parties are in court on the issue, and judgment has been rendered thereon."

After stating the general doctrine, Judge Grier adds:

"The case before us is of the latter sort. The libel showed no want of jurisdiction, which was first stated in the answer. Jurisdiction was one of the issues tried, and the subject of evidence and argument on both sides. As well in the district court as here the parties were before the court, which had jurisdiction of the subject thus presented to them for trial; and the court proceeds to decree costs."

In Thomas v. White, 12 Mass. 370, the court adjudged costs for the defendant, and, after stating the general rule to be as is claimed by the learned proctor for the libelant, says:

"But in this case the court has jurisdiction of the subject, to wit, a probate bond, and it is only by the plea of the defendant, on which there must be an issue and judgment, that the want of jurisdiction in this particular suit can be maintained."

I think, therefore, costs were rightly adjudged, and that the application for a rehearing and modification of the judgment must be refused.