**JOHNS–MANVILLE CORPORATION and Johns–Manville Sales Corporation, Plaintiffs–Appellants,**

v.

**The UNITED STATES, Defendant–Appellee.**

**Nos. 89–1130, 89–1404.**

United States Court of Appeals, Federal Circuit.

Dec. 28, 1989.

---

Robert M. Bruskin, Howrey & Simon, Washington, D.C., argued for plaintiffs-appellants. With him on the brief were Harvey G. Sherzer and Patricia A. Ewing. Also on the brief was Robert D. Batson, Manville Corp., Denver, Colo., of counsel.

Robert D. Kamenshine, Dept. of Justice, Washington, D.C., argued for defendant-appellee. With him on the brief were Stuart E. Schiffer, Acting Asst. Atty. Gen., Jay B. Stephens, U.S. Atty. and William Kanter.

Before BISSELL, Circuit Judge, BENNETT and SMITH, Senior Circuit Judges.

BENNETT, Senior Circuit Judge.

This appeal is from the order and judgment issued by the Claims Court on September 28, 1988, in *Johns–Manville Corp. v. United States*, Nos. 465–83C, 688–83C, and 1–84C, in which the Claims Court dismissed the complaints for lack of subject matter jurisdiction and awarded costs to the United States. We reverse the award of costs.

## BACKGROUND

Johns–Manville Corporation and Johns–Manville Sales Corporation (Manville) filed three cases in the Claims Court seeking indemnification from the United States for amounts paid by Manville to shipyard workers for injuries caused by exposure to asbestos that Manville had supplied to the government. Manville had previously filed similar suits against the government in United States district courts in California and Virginia.

After several years of discovery and pretrial proceedings, and 2 months before trial in one of the cases was scheduled to begin, the Claims Court raised, *sua sponte*, the issue of whether it had subject matter jurisdiction over Manville's claims in view of the restrictions of 28 U.S.C. § 1500 (1982). That statute provides that the Claims Court shall not have jurisdiction over any claim for which the plaintiff has a suit against the United States pending in any other court.

Subsequently, the Claims Court issued an order dismissing the three actions for lack of jurisdiction over the subject matter. *Keene Corp. v. United States*, 12 Cl.Ct. 197 (1987). Rather than entering a judgment of dismissal, the Claims Court certified the jurisdictional issue for appeal pursuant to 28 U.S.C. § 1292(d)(2) (1982). While the jurisdictional issue was on appeal, a trial on the merits in one of the cases was held in the Claims Court, resulting in a judgment for the defendant. *Johns–Manville Corp. v. United States*, 13 Cl.Ct. 72 (1987).

This court affirmed the jurisdictional ruling of the Claims Court in *Johns–Manville Corp. v. United States*, 855 F.2d 1556 (Fed. Cir.1988) (per curiam), *cert. denied*, —— U.S. ——, 109 S.Ct. 1342, 103 L.Ed.2d 811 (1989). This court also vacated the merits decision of the Claims Court. *Johns–Man-*

*ville Corp. v. United States,* 855 F.2d 1571 (Fed.Cir.1988) (per curiam).

Pursuant to the mandate issued by this court, the Claims Court dismissed the complaints in the three Manville actions. The Claims Court also awarded costs to the defendant. Manville moved for reconsideration of the cost award, and the Claims Court denied the motion. *Johns–Manville Corp. v. United States,* 16 Cl.Ct. 474 (1989). Manville has now appealed the award of costs to the government.

## OPINION

This case presents the novel issue of whether the Claims Court has the power to award costs in a case it has dismissed for lack of subject matter jurisdiction.

### A. *The Common Law Rule*

At early common law, no costs were awarded to either party. At least as early as 1278, English legislation changed that rule in actions at law. *See* Payne *Costs in Common Law Actions in the Federal Courts,* 21 Va.L.Rev. 397 (1935). The English practice was adopted by American courts at an early time, and the ability to award costs has become more a part of the inherent authority of the courts than a matter of statutory authorization. In *Ex parte Peterson,* 253 U.S. 300, 40 S.Ct. 543, 64 L.Ed. 919 (1920), Justice Brandeis stated: "The allowance of costs in the federal courts rests not upon express statutory enactment by Congress, but upon usage long continued and confirmed by implication from provisions in many statutes." *Id.* at 316, 40 S.Ct. at 548. *See also Fairmont Creamery Co. v. Minnesota,* 275 U.S. 70, 74–75, 48 S.Ct. 97, 99, 72 L.Ed. 168 (1927).

■ Nevertheless, the American common law recognized limitations on the ability of a court to award costs. First, under the doctrine of sovereign immunity, the United States cannot be held liable for costs without its consent. *United States v. Chemical Foundation, Inc.,* 272 U.S. 1, 20–21, 47 S.Ct. 1, 8, 71 L.Ed. 131 (1926).

■ More importantly for this case, under the common law, a court that lacks jurisdiction over the subject matter does not have the power to award costs. *See, e.g., Mansfield, C. & L. M. Ry. v. Swan,* 111 U.S. 379, 386–87, 4 S.Ct. 510, 513–14, 28 L.Ed. 462 (1884); *Lion Bonding & Sur. Co. v. Karatz,* 262 U.S. 640, 642, 43 S.Ct. 641, 642, 67 L.Ed. 1151 (1923). The rule was explained in *The Mayor v. Cooper,* 73 U.S. (6 Wall.) 247, 18 L.Ed. 247 (1868):

> The [trial] court held that it had no jurisdiction whatever of the case, and yet gave a judgment for the costs of the motion, and ordered that an execution should issue to collect them. This was clearly erroneous. *If there were no jurisdiction, there was no power to do anything but to strike the case from the docket.* In that view of the subject the matter was as much *coram non judice* as anything else could be, and the award of costs and execution was consequently void.

*Id.* 73 U.S. (6 Wall.) at 250–51 (emphasis added). *Accord Lion Bonding,* 262 U.S. at 642, 43 S.Ct. at 642.

In this appeal, the government acknowledges the existence of the common law rule; however, the government argues that there is an exception to the rule. According to the government, under the common law, a court may award costs where the lack of jurisdiction is not immediately apparent on the face of the pleadings. In support of its position, the government cites *Hornthall v. The Collector,* 76 U.S. (9 Wall.) 560, 19 L.Ed. 560 (1869), *Lowe v. The Benjamin,* 15 F.Cas. 1016 (C.C.E.D.Pa. 1847), *Young v. City of Florence,* 56 F. 236 (E.D.La.1893), and *Phoenix–Buttes Gold Mining Co. v. Winstead,* 226 F. 863 (N.D. Cal.1914), as well as several state court cases. However, the cases are not persuasive.

The Supreme Court stated in *Hornthall,* 76 U.S. (9 Wall.) at 566–67, "Costs were improperly allowed in the court below, as the case was dismissed for the want of jurisdiction on the face of the pleadings, and in such cases the general rule is that costs will not be allowed in this court."

However, the Court did not indicate whether costs could be awarded if the lack of jurisdiction was not obvious from the face of the pleadings. The court in *Lowe* cited no federal authority for an exception to the common law rule. *Young* merely followed *Lowe*, and *Phoenix–Buttes* based its award of costs on a statute specifically permitting them in cases where there was no jurisdiction.

■ The rationale behind the common law rule does not permit an exception which would empower courts to award costs where they have no jurisdiction. As the Supreme Court has stated, where the court has no jurisdiction, it has no power to do anything but strike the case from its docket, the matter being *coram non judice. The Mayor*, 73 U.S. (6 Wall.) at 250–51. *See also Mansfield*, 111 U.S. at 387, 4 S.Ct. at 514 ("where there is no jurisdiction in the court to determine the litigation, the cause must be dismissed for that reason, and, as the court can render no judgment for or against either party, it cannot render a judgment even for costs."). Under that rationale, the inability of a court to award costs arises out of its lack of jurisdiction over the case. Whether the lack of jurisdiction is apparent from the pleadings, or whether it is apparent only after matters outside the pleadings are considered, the court has no jurisdiction over the case and, under the common law rule, has no power to award costs.

### B. *Statutory Provisions*

The American common law rules regarding the award of costs have been modified by statute. Section 1919, title 28, authorizes district courts and the Court of International Trade to award costs in cases dismissed for lack of subject matter jurisdiction. Section 2412(a), title 28, waives sovereign immunity and permits awards of costs against the government in certain cases.

#### 1. 28 U.S.C. § 1919

■ The common law rule against cost awards in cases dismissed for lack of subject matter jurisdiction was first modified by statute in 1875, and similar statutory provisions have continued to the present code. *See* 28 U.S.C. § 1919 (1982). As the Supreme Court stated in *Mansfield*, 111 U.S. at 387, 4 S.Ct. at 514, the statute was enacted "to avoid the application of the general rule, which, in cases where the suit failed for want of jurisdiction, denied the authority of the court to award judgment against the losing party, even for costs." In its present form, 28 U.S.C. § 1919 provides, "Whenever any action or suit is dismissed in any district court or the Court of International Trade for want of jurisdiction, such court may order the payment of just costs." The statute does not address the Claims Court.

In this case, the Claims Court adopted the government's argument that the absence of the Claims Court from 28 U.S.C. § 1919 is an "anomaly" attributable to the former Court of Claims' announced practice of not awarding costs in any case. The court reasoned that application of the common law rule would lead to the "incongruous" result of permitting cost awards in favor of the plaintiff if jurisdiction were found, but prohibiting cost awards if the government prevailed in showing a lack of jurisdiction. The court concluded by stating that Congress cannot "be presumed to have legislated asymmetrically in favor of a private party against the fisc without some language or other expression of congressional intent pointing to such a result." 16 Cl.Ct. at 480.

Section 1919 abrogates the common law rule for district courts and for the Court of International Trade. It does not apply to the Claims Court. Even if the absence of the Claims Court from the provisions of section 1919 is an "anomaly" attributable to an announced practice of the Court of Claims, such an explanation does not change the plain terms of the statute. Congress simply has not abrogated the common law rule with respect to the Claims Court, and neither the Claims Court nor this court has the power to do so. *See Hobbs v. McLean*, 117 U.S. 567, 579, 6 S.Ct. 870, 875, 29 L.Ed. 940 (1886) ("When a provision is left out of a statute, either by design or mistake of the legislature, the courts have no power to supply it. To do so would be to legislate and not to construe.").

**2.  28 U.S.C. § 2412(a)**

█ The Claims Court held that it was empowered to award costs in this case under 28 U.S.C. § 2412(a) (1982).  That section provides:

> Except as otherwise specifically provided by statute, a judgment for costs, as enumerated in section 1920 of this title, but not including the fees and expenses of attorneys, may be awarded to the prevailing party in any civil action brought by or against the United States or any agency and any official of the United States acting in his or her official capacity *in any court having jurisdiction of such action.*  A judgment for costs when taxed against the United States shall, in an amount established by statute, court rule, or order, be limited to reimbursing in whole or in part the prevailing party for the costs incurred by such party in the litigation.

(Emphasis added.)  Section 2412(a) authorizes an award of costs only in a court "having jurisdiction of such action".  In the context of the statute, "such action" refers to the "civil action" brought by or against the United States.  Because the Claims Court did not have jurisdiction over the civil actions brought by Manville in this case, section 2412(a) is inapplicable and does not empower the Claims Court to award costs.

While it is true, as both the Claims Court and the government observe, that a court has jurisdiction to determine its own jurisdiction, section 2412(a) does not authorize an award of costs in every case simply because a court is able to determine its own jurisdiction.  Section 2412(a) authorizes an award of costs only where the court has jurisdiction over the "civil action" brought by or against the government.  In this case, the Claims Court did not have jurisdiction over the civil actions brought by Manville.

The Claims Court and the government both rely on *Premachandra v. Mitts,* 727 F.2d 717 (8th Cir.1984), *rev'd on other grounds,* 753 F.2d 635 (8th Cir.1985) (in banc), in support of the argument that section 2412 empowers a court without jurisdiction to award costs.  In *Premachandra,* the Eighth Circuit sustained an award of attorneys fees under 28 U.S.C. § 2412(b) where the case had been dismissed for mootness.  However, that case is distinguishable.  *Premachandra* related to an award of attorneys fees, not costs.  Awards of costs by courts with no jurisdiction are governed by the common law rule and by 28 U.S.C. § 1919.  In addition, the fee award in *Premachandra* was made after the case had been mooted by the plaintiff having prevailed in a parallel administrative action.  The district court had jurisdiction over the action until it was mooted.

Because the Claims Court did not have jurisdiction over Manville's claims, as section 2412(a) requires, that statute does not authorize an award of costs in this case.  The Claims Court has not been included in the statute abrogating the common law rule concerning cost awards in courts with no jurisdiction.  Thus, the common law rule applies, and the Claims Court had no power to award costs.  If, as the Claims Court observed, there is an incongruous result in permitting awards of costs in some courts and in following the common law rule in other courts, it is for Congress to correct.

**C.  *Other Issues***

Manville has also argued on appeal that the Claims Court had no authority to award costs because the mandate that issued from this court in the prior appeals did not contain a direction concerning costs.  Manville also argues that the award of costs was inequitable and an abuse of discretion.  Because we hold that the Claims Court has no power to award costs in cases over which it has no subject matter jurisdiction, we need not reach the other issues.

**D.  *Costs on Appeal***

Each side shall bear its own costs of this appeal.

REVERSED.