**Irwin A. SCHIFF, Plaintiff,**

v.

**The UNITED STATES, Defendant.**

**No. 90–780T.**

United States Claims Court.

Nov. 22, 1991.

Irwin A. Schiff, pro se.

Kenneth C. Gobetz, Washington, D.C., with whom was Asst. Atty. Gen. Shirley D. Petersen, for defendant.

**ORDER**

REGINALD W. GIBSON, Judge.

On September 19, 1991, this court's opinion granted defendant's RUSCC 12(b)(1) motion to dismiss plaintiff's tax refund complaint for want of jurisdiction.[1] Concomitantly therewith, we denied defendant's motion for a RUSCC 11 sanction on the authority of *Johns–Manville Corp. v. United States*, 893 F.2d 324, 326–327 (Fed. Cir.1989); and *Christianson v. Colt Industries Operating Corp.*, 486 U.S. 800, 818, 108 S.Ct. 2166, 2178, 100 L.Ed.2d 811 (1988). Thereafter, the following documents were filed/received after the entry of judgment on September 20, 1991 24 Cl. Ct. 249:

(i) Defendant's (September 30, 1991) RUSCC 59 Motion For Reconsideration Of The Ruling On Its Motion For Rule 11 Sanctions, and

(ii) Plaintiff's (November 5, 1991) Motion For An Extension Of Time In Which To File His RUSCC 59 Motion For Reconsideration and Motion For Reconsideration Of The Court's Ruling Of September 19, 1991 (granting of defendant's RUSCC 12(b)(1) motion to dismiss).

RUSCC 59 provides in pertinent part as follows:

(a) Grounds. (1) A ... reconsideration *may* be granted to all or any of the parties and on all or part of the issues, for any of the reasons established by the rules of common law....

(b) Time for Motion .... a motion filed pursuant to this rule *shall* be filed not later than 10 days after the entry of judgment....

(Emphasis added). For the reasons explicated hereinafter, we are constrained to deny both motions, however, on different grounds.

---

1. In this suit for the refund of individual income taxes, the dismissal was premised on three (3) grounds—(i) failure of plaintiff to file an administrative claim for refund (26 U.S.C. § 7422); (ii) refund suit previously instituted in the U.S. Tax Court for the same 1974 tax year (26 U.S.C. § 6512); and (iii) failure of plaintiff to pay his taxes in full prior to filing a refund suit in the Claims Court.

1. *Defendant's Motion for Reconsideration:*

■ Specifically, we denied defendant's motion for RUSCC 11 sanctions, notwithstanding the fact that plaintiff's complaint is clearly frivolous, because of want of jurisdiction over the merits of the case. We are constrained to reach this result because of the pointed pronouncement in *Johns–Manville Corp., supra*, which we are compelled to follow. In a case in which the Claims Court imposed "costs" on the plaintiff even after dismissing the case on the merits for want of jurisdiction, the Court of Appeals for the Federal Circuit (CAFC) stated in reversing the trial court—

> ... a court that lacks jurisdiction over the subject matter does not have the power to award costs.

*Id.* at 326 (citations omitted). The bases for the CAFC's ruling was explained to have its genesis in *The Mayor v. Cooper*, 73 U.S. (6 Wall.) 247, 18 L.Ed. 851 (1868), wherein the Supreme Court stated:

> The [trial] court held that it had no jurisdiction whatever of the case, and yet gave a judgment for the costs of the motion, and ordered that an execution should issue to collect them. This was clearly erroneous. If there were no jurisdiction there was no power to do anything but to strike the case from the docket.

Against this background, the CAFC further explained that—

> [t]he rationale behind the common law rule does not permit an exception which would empower courts to award costs where they have no jurisdiction.... "[A]s the court can render no judgment for or against either party, it cannot render a judgment even for costs."

*Johns–Manville Corp.*, 893 F.2d at 327 (citation omitted). The essence of the foregoing is simply that—"the inability of a court to award costs arises out of its lack of jurisdiction over the case." *Id.*

In the case at bar, the court is of the opinion that the monetary sanction prayed for by defendant, *i.e.*, $5,000.00, mirrors in all material particulars the "costs" which the trial court sought to impose in *Johns–*

*Manville*. Given such circumstance, we believe the results, upon dismissal for want of jurisdiction, should also be the same and for the same reason, *i.e.*, "the inability of [this] court to award [sanctions] arises out of its lack of jurisdiction over the case." *Id.*

Defendant proffers and relies on the following bases, to which we will respond seriatim, for the grant of its motion for reconsideration:

(i) Numerous courts of appeals have held that a court does retain authority to award sanctions under Rule 11 even where a complaint has been dismissed for lack of subject matter jurisdiction.

*Response:* The cases relied on and cited to by defendant are decisions in the First, Second, Fifth, Seventh and Ninth Circuits. Without undertaking a separate factual analysis of each cited case, it is sufficient to say that, while persuasive, said cases are not obligatory on this court; defendant fails to cite to a case binding on this court respecting the issue raised; and given the foregoing, we are, of course, constrained to follow the binding pronouncements in *Johns–Manville* which we deem to be dispositive of the issue raised.

(ii) Next, defendant cites to *Cooter & Gell v. Hartmax Corp.*, 496 U.S. 384, 110 S.Ct. 2447, 2457, 110 L.Ed.2d 359 (1990), for the proposition that the Supreme Court held—"that a plaintiff's voluntary dismissal pursuant to FRCP 41(a)(1) did not divest a District Court of jurisdiction to impose Rule 11 sanction for the filing of a frivolous complaint."

*Response: Cooter & Gell* was an antitrust case in which, following a *voluntary* Rule 41(a)(1) dismissal, the district court imposed a Rule 11 sanction. There the Supreme Court in upholding the imposed sanction stated that:

> ... a *voluntary* dismissal does not expunge the Rule 11 violation. In order to comply with Rule 11's requirement ... a court must have the authority to consider whether there has been a violation....

regardless of the dismissal of the underlying action. . . .

110 S.Ct. at 2455 (emphasis added).

We observe two critical factual distinctions between *Cooter & Gell* and the case at bar. In the former, the district court had *de jure* jurisdiction, and in addition, the dismissal was voluntary, while in the latter, the Claims Court at no time acquires jurisdiction and, moreover, the dismissal was involuntary. These operative circumstances, in our judgment, are clearly sufficient distinguishing factors to make *Cooter & Gell* inapposite to any issues in the case at bar, and we so hold.

(iii) Finally, the defendant cites to a decision by the Second Circuit in *Schiff v. United States*, 919 F.2d 830, 834–835 (1990), for the imposition of sanctions on the grounds that there the substantive arguments raised in the complaint were frivolous, and that the sanction imposed by the Second Circuit, for the same conduct here, is identical to the relief sought at bar. In addition, defendant relies on *Schiff v. United States*, 914 F.2d 271 (Fed.Cir.1990), for a finding that his complaint at bar is "frivolous."

*Response:* Again, we cannot deny that plaintiff's complaint at bar is frivolous. That is not the dispositive issue in the face of *Johns–Manville. Id.* Moreover, both the Second Circuit *Schiff* case and the CAFC *Schiff* case are inapposite.

In the Second Circuit case, plaintiff filed claims for refund and assessed taxes had been paid, albeit by forceful levy, thus the district court had jurisdiction to hear the merits. Additionally, and of critical significance is the fact that it was the appellate court, pursuant to Federal Rule of Appellate Procedure (FRAP) 38, that imposed the sanction for the frivolous appeal and *not* the trial court. Clearly then, given the foregoing distinguishing circumstances, the Second Circuit *Schiff* case is neither binding, persuasive, nor relevant.

Similarly, as in the Second Circuit case, the CAFC (not the Claims Court) in *Schiff* imposed the sanction on plaintiff pursuant to FRAP 38 for a frivolous appeal. The CAFC obviously had jurisdiction to review the dismissal for want of jurisdiction by the

Claims Court, thus it had jurisdiction to impose a Rule 11 sanction on a "collateral issue." *Cf. Cooter & Gell*, 110 S.Ct. at 2456.

For all of the foregoing reasons, there is no valid factual or legal basis compelling this court to reconsider the propriety of changing the holding in its opinion of September 19, 1991.

2. *Plaintiff's Motions For Extension of Time and for Reconsideration:*

■ As previously noted, RUSCC 59(b) provides, *inter alia*, that:

> . . . a motion filed pursuant to this rule shall be filed not later than 10 days *after* the entry of judgment.

At bar, the court's opinion dismissing the complaint was filed on September 19, 1991, and judgment was entered thereon by the Clerk of the Court on September 20, 1991. Against this background, to obtain consideration for relief pursuant to RUSCC 59(a), plaintiff was *required* to file his motion on or before October 4, 1991 (*i.e.*, within 10 business days after September 20, 1991—RUSCC 6(a)). The record shows that more than 30 days later, on November 5, 1991, the following documents were filed/received:

(i) Plaintiff's Motion For An Extension Of Time In Which To File His Motion For Reconsideration, and

(ii) Plaintiff's Motion For Reconsideration Of The Court's Ruling Of September 19, 1991.

The explanation proffered by *pro se* plaintiff for his extreme tardiness in filing his RUSCC 59(a) motion was as follows:

> When the instant court's Ruling of September 19, 1991 arrived I was totally preoccupied with developing the brief in connection with my alleged probation violations, and really had no time to consider other civil litigation. . . .

Notwithstanding the foregoing explanation, we are constrained to deny plaintiff's motions for two (2) reasons—first, although fully cognizant of the fact that plaintiff is *pro se*, he nevertheless failed to comply with the obligatory filing time re-

502

quirements of RUSCC 59(b); and second, even if plaintiff's motion for reconsideration was timely, we, nevertheless, would deny said motion inasmuch as we are thoroughly satisfied that plaintiff's assertions in his motion will not require us to change or otherwise modify our initial opinion. Therefore, we hereby deny plaintiff's motions.

*Conclusion*

For the reasons expressed hereinabove, the motions of both plaintiff and defendant are hereby DENIED.

IT IS SO ORDERED.