**Terry Allen JONES, Petitioner,**

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent.**

No. 07–313V.

United States Court of Federal Claims.

Aug. 29, 2007.

Terry Allen Jones, Houston, TX, pro se.

Catherine E. Reeves, Assistant Director, with whom were Peter D. Keisler, Assistant Attorney General, Timothy P. Garren, Director, and Mark W. Rogers, Deputy Director, Torts Branch, Civil Division, United States Department of Justice, Washington, DC, for respondent.

## OPINION AND ORDER

HEWITT, Judge.

Petitioner, appearing pro se, seeks review in the United States Court of Federal Claims of the Special Master's dismissal of his Petition for Compensation (Petition or Pet.) filed May 21, 2007 under the National Vaccine Injury Compensation Program (Vaccine Act), 42 U.S.C. §§ 300aa–1 to –34 (2000 & Supp. II 2003).

## I. Background

In the Petition filed May 21, 2007, petitioner alleges that a diphtheria-tetanus booster vaccination received by petitioner on June 2, 2003 caused him a variety of health problems, including "swelling of his mouth, tongue, and sinuses making it hard eat, drink, or breathe." Pet. 1. Petitioner further alleges to have begun "to experience discomfort and allergic symptoms within hours of the immunization...." Pet. 1. Petitioner also requests that the "timely filing statute be waived given the severity, extent, and duration of his injuries and the fact that the state

has in fact acted to delay and deny his claims and to obstruct justice in his cases." Pet. 9.

The Special Master dismissed petitioner's claim as barred by the statute of limitations. *Jones v. Sec'y of Health & Human Servs.* (Decision), No. 07–313V, slip. op., at 2–3 (Fed.Cl.Spec.Mstr. May 23, 2007). The Special Master held that he lacked jurisdiction because the Petition was filed after the thirty-six month statutory deadline for timely filing had expired. Decision 2 (citing 42 U.S.C. § 300aa–16(a)(2)). The Special Master rejected petitioner's argument that the statute of limitations should be waived, stating that the Special Master lacks authority to waive the statute of limitations contained in Title 42 Section 300aa–16(a)(2) of the United States Code. *Id.* at 2 (citing *Johns–Manville Corp. v. United States,* 893 F.2d 324, 327 (Fed.Cir.1989) (holding that the only thing a court can do if it has no jurisdiction over a claim is dismiss the claim)). The Special Master also addressed the availability of the relief of equitable tolling,[1] but held that, as a matter of law, equitable tolling is not available to claims arising under the Vaccine Act. *Id.* at 2 (citing *Brice v. Sec'y of Health & Human Servs.,* 240 F.3d 1367, 1370–75 (Fed. Cir.2001)) (holding that because the Vaccine Act is part of a detailed statutory scheme with strict deadlines and includes specific exceptions to the thirty-six month deadline equitable tolling is not available to claims arising under the Vaccine Act), *cert. denied,* 534 U.S. 1040, 122 S.Ct. 614, 151 L.Ed.2d 538 (2001).[2]

In accordance with 42 U.S.C. § 300aa–12(e)(1) and Rule 23 of Appendix B (App.B) of the Rules of the United States Court of Federal Claims (RCFC), petitioner timely filed this appeal on June 22, 2007. Now before the court is petitioner's Motion for Review and Objections (petitioner's motion or Mot.), filed June 22, 2007. On appeal, petitioner claims that timely filing of his peti-

---

1. Petitioner's Petition for Compensation requested that the "timely filing statute be waived." Petition for Compensation, May 21, 2007, 9. The Special Master addressed this request as a request that the Special Master apply the doctrine of equitable tolling. *Jones v. Sec'y of Health & Human Servs.* (Decision), No. 07–313V, slip. op., 2 (Fed.Cl.Spec.Mstr. May 23, 2007).

2. Because this claim was dismissed on jurisdictional grounds by the Special Master, the Special Master did not address whether petitioner's alleged symptoms were caused by the tetanus vaccination or whether petitioner actually suffered from the symptoms alleged. Decision 2.

tion was not possible due to the nature of his injuries and additional ongoing legal proceedings that prevented him from filing the petition within the time allowed pursuant to 42 U.S.C. § 300aa16(a)(2). Mot. 1–2. Respondent timely filed Respondent's Response to Petitioner's Motion for Review on July 18, 2007. *See* RCFC App. B, Rule 23; 42 U.S.C. § 300aa–12(e)(1).

## II. Discussion

### A. Standard of Review

When deciding a motion for review of a special master's decision in a case arising under the Vaccine Act, this court may "set aside any findings of fact or conclusions of law of the special master found to be arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law...." 42 U.S.C. § 300aa–12(e)(2)(B). Petitioner in this case is not contesting the factual findings contained in the Decision of the Special Master but only the conclusion of law regarding the authority of the Special Master to waive the statute of limitations or apply the doctrine of equitable tolling. *See* Mot. *passim.* The court reviews conclusions of law under the "not in accordance with the law" standard. *See Munn v. Sec'y of Health & Human Servs.,* 970 F.2d 863, 870 n. 10 (Fed.Cir. 1992).

When interpreting and applying the statute of limitations provision in the Vaccine Act, the court is bound by "sovereign immunity" principles of statutory construction. *See Stone Container Corp. v. United States,* 229 F.3d 1345, 1352 (Fed.Cir.2000) ("A statute of limitations is a condition on the waiver of sovereign immunity by the United States. Although courts 'should not construe such a time-bar provision unduly restrictively, [they] must be careful not to interpret it in a manner that would extend the waiver beyond that which Congress intended.'") (quoting *Block v. North Dakota,* 461 U.S. 273, 287, 103 S.Ct. 1811, 75 L.Ed.2d 840 (1983)) (alteration in original). The Vaccine Act is an express waiver of sovereign immunity in cases where a person suffers a vaccine related injury or death. *See Markovich v. Sec'y of Health & Human Servs.,* 477 F.3d 1353, 1360 (Fed.Cir. 2007). Because petitioner's claim "against

the United States implicates its sovereign immunity from suit, the alleged jurisdictional grant must be narrowly construed." *Martin ex. rel. Martin v. Sec'y of Health & Human Servs.,* 62 F.3d 1403, 1405 (Fed.Cir.1995) (citing *Hart v. United States,* 910 F.2d 815, 817 (Fed.Cir.1990)). The terms of the United States' waiver of sovereign immunity, including any statute of limitations, therefore define the extent of the court's jurisdiction. *See United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 85 L.Ed. 1058 (1941) (citing *Minnesota v. United States,* 305 U.S. 382, 59 S.Ct. 292, 83 L.Ed. 235 (1939)).

Jurisdiction is a threshold matter and a case can proceed no further if the court lacks jurisdiction to hear it. *See Steel Co. v. Citizens for a Better Env't,* 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998); *Johns–Manville Corp.,* 893 F.2d at 327 (Fed. Cir.1989) ("[W]here the court has no jurisdiction, it has no power to do anything but strike the case from its docket....").

The court now turns to the Decision of the Special Master and examines whether the conclusion that the Special Master lacked authority to waive the statute of limitations and that the doctrine of equitable tolling cannot be applied to Vaccine Act cases as a matter of law was made "in accordance with the law."

### B. The Special Master Lacks Authority to Waive the Statute of Limitations

Section 300aa–16(a)(2) of Title 42 of the United States Code provides that "no petition may be filed for compensation under the [Vaccine] Program for such injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset or of the significant aggravation of such injury." 42 U.S.C. § 300aa–16(a)(2). Petitioner received the vaccination alleged to have caused his injuries on June 2, 2003. Pet. 1. Petitioner further alleges that he began to suffer symptoms from the vaccination within hours of receiving it. *Id.* As the Special Master noted, the "statute of limitations lapsed in early June 2006 ... [but petitioner] did not file a Program petition until May 21, 2007." Decision 2. Petitioner

does not challenge the factual finding of the Special Master that the Petition was filed after the 36–month statutory deadline for timely claims under the Vaccine Act had elapsed. *See* Pet. *passim;* Mot. *passim.* Instead, petitioner urges that the deadline be waived. Pet. 9; Mot. *passim.* Because failure to file timely under the statute of limitations deprives the court of jurisdiction over the Petition, the Special Master correctly concluded that he had no authority to waive the statute of limitations. *See Pinat v. Office of Pers. Mgmt.,* 931 F.2d 1544, 1546 (Fed.Cir. 1991) (citing *Monzo v. Dep't of Transp.,* 735 F.2d 1335, 1336 (Fed.Cir.1984)). The court concludes that this finding by the Special Master was made in accordance with the applicable law.

C. The Special Master's Conclusion that Equitable Tolling Cannot Be Applied to Petitions Filed Pursuant to the Vaccine Act Is In Accordance with the Law

 The Special Master also addressed the availability of the relief of equitable tolling. Decision 2. The Special Master found that the doctrine of equitable tolling cannot be applied to petitions brought pursuant to the Vaccine Act. *Id.* As the Special Master noted, Decision 2, equitable tolling allows the courts "to forgive a late filing where compelling circumstances indicate that such a result will be equitable." *Lombardo v. Sec'y of Health & Human Servs.,* 34 Fed.Cl. 21, 25 (1995). However, under Supreme Court precedent, equitable tolling is generally available in only two situations. The Court has "allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (footnote omitted). Neither of those circumstances is present here. Even if either of those circumstances were present, as the Special Master correctly pointed out, Decision 2, the Federal Circuit has held that the doctrine of equitable tolling cannot be applied to petitions

brought pursuant to the Vaccine Act. *Markovich,* 477 F.3d at 1358 (citing *Brice,* 240 F.3d at 1373). The Special Master correctly concluded that he is bound by the decision of the Federal Circuit. This court is similarly bound. The Special Master's holding that the doctrine of equitable tolling is not applicable to petitions filed pursuant to the Vaccine Act is "in accordance with the law." *See* 42 U.S.C. § 300aa–12(e)(2)(B); *Munn,* 970 F.2d at 870 n. 10.

III. Conclusion

For the foregoing reasons, the court upholds the conclusions of law in the Special Master's May 23, 2007 decision. The Special Master's decision that the Petition must be dismissed for lack of jurisdiction is AFFIRMED. The Clerk of the Court shall enter judgment accordingly.

IT IS SO ORDERED.