Ryan MARTIN, by his parents and next friends, Kim and Samuel MARTIN, Petitioners–Appellants,

v.

**SECRETARY OF HEALTH AND HUMAN SERVICES, Respondent–Appellee.**

No. 95–5011.

United States Court of Appeals, Federal Circuit.

Aug. 15, 1995.

Michael R. Hugo, Conway, Crowley & Hugo, P.C., of Boston, MA, argued for petitioners-appellants.

Charles R. Gross, Dept. of Justice, of Washington, DC, argued for respondent-ap-pellee. With him on the brief was Frank W. Hunger, Asst. Atty. Gen.

Before MAYER, RADER, and SCHALL, Circuit Judges.

MAYER, Circuit Judge.

Kim and Samuel Martin appeal the October 18, 1994, judgment of the United States Court of Federal Claims, No. 90–515V, denying their request for attorneys' fees and costs. Because we conclude that the Court of Federal Claims had no jurisdiction to award fees and costs in this case, we affirm.

### Background

Ryan Martin received diphtheria-pertussis-tetanus (DPT) and oral polio vaccinations in 1986. He later developed paralysis in his legs. On October 14, 1988, his parents, Kim and Samuel Martin (the Martins), filed suit in state court against two vaccine manufacturers, American Cyanamid Co. and Connaught Laboratories. The Martins alleged that Ryan's paralysis was caused by DPT vaccines produced by these manufacturers. After this case was removed to the United States District Court for the Northern District of Oklahoma, the Martins voluntarily dismissed it on November 16, 1988. They refiled against the same defendants, alleging the same injury, in the same court on November 15, 1989. On March 2, 1990, the Martins again voluntarily dismissed their case so they could file a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa–1 to 300aa–34 (1988 & Supp. V 1993) (Vaccine Act).

The Martins filed their petition under the Vaccine Act in the Court of Federal Claims on June 12, 1990, alleging that Ryan's paralysis was caused by oral polio vaccine. On October 31, 1990, the Secretary of the Department of Health and Human Services moved to dismiss on the basis of 42 U.S.C. § 300aa–11(a)(6) (Supp. V 1993),[1] because the Martins had previously filed a civil suit for damages resulting from the same injury. The special master denied the motion, and

1. If a person brings a civil action after November 15, 1988 for damages for a vaccine-related injury or death associated with the administration of a vaccine before November 15, 1988, such person may not file a petition under subsection (b) of this section for such injury or death.

42 U.S.C. § 300aa–11(a)(6) (Supp. V 1993).

the proceedings continued. The Secretary eventually filed another motion to dismiss on June 8, 1993. The Martins moved to dismiss the petition, and the special master granted the motion with prejudice on October 8, 1993.

The Martins then filed a motion for attorneys' fees and costs. After concluding that there was a reasonable basis for the claim, and that they had brought it in good faith, the special master granted the motion. He awarded fees of $22,837.50 and $4,474.24 in costs. *Martin v. Secretary of Health & Human Servs.*, No. 90–515V, slip op. at 13, 1994 WL 390354 (Fed.Cl.Sp.Mstr. July 6, 1994) (decision granting attorneys' fees).

The government sought review of the special master's fee award in the Court of Federal Claims, which vacated the award. The court concluded that the Martins' claim was barred by section 300aa–11(a)(6), holding that this subsection was a limitation on the jurisdiction of special masters to hear compensation claims under the Vaccine Act. And, the court concluded, because the special master had no jurisdiction over the Martins' claim, he had no jurisdiction over their request for attorneys' fees. *Martin v. Secretary of Health & Human Servs.*, No. 90–515V, slip op. at 5 (Fed.Cl. Oct. 11, 1994).

The Martins appeal.

### Discussion

■ In this appeal we must decide whether the court's power to award attorneys' fees and costs under the Vaccine Act is contingent upon the petitioner's avoidance of 42 U.S.C. § 300aa–11(a)(6), which bars the filing of a Vaccine Act petition by persons who have filed a civil action seeking damages for the same injury that is the subject of their Vaccine Act petition. The Martins also suggest that even if this subsection does limit the court's jurisdiction, the Vaccine Act independently provides jurisdiction for the award of attorneys' fees and costs to persons whose petitions are otherwise barred. We review the trial court's ruling on these questions, which raise matters of statutory interpretation and jurisdiction, *de novo. Weddel v. Secretary of Health and Human Servs.*, 23 F.3d 388, 391 (Fed.Cir.1994).[2]

■ The Court of Federal Claims is a creature of statute, and its power is limited to what Congress has expressly given it. *Beck v. Secretary of Health & Human Servs.*, 924 F.2d 1029, 1036 (Fed.Cir.1991). In this case, the Martins assert jurisdiction based on sections 300aa–12 and 300aa–15 of Title 42 of the United States Code. Because their claim against the United States implicates its sovereign immunity from suit, the alleged jurisdictional grant must be narrowly construed. *See Hart v. United States*, 910 F.2d 815, 817 (Fed.Cir.1990).

■ We turn first to the fee shifting provision of the Vaccine Act, 42 U.S.C. § 300aa–15(e) (1988 & Supp. V 1993), which the Martins say is an independent grant of jurisdiction for the Court of Federal Claims to award fees in vaccine cases. That provision mandates the award of attorneys' fees and costs to successful petitioners, and allows the special master or court to make a discretionary award of fees and costs to unsuccessful petitioners under certain conditions. 42 U.S.C. § 300aa–15(e)(1).[3] But the special

---

2. Because the determination whether there is subject matter jurisdiction is one of law, not fact, the trial judge was free to revisit the matter despite the special master's decision that there was jurisdiction. *See* 42 U.S.C. § 300aa–12(e)(2)(B) (Supp. V 1993); *Munn v. Secretary of Health & Human Servs.*, 970 F.2d 863, 869, 870 n. 10 (Fed.Cir.1992) (legal questions reviewed under "not in accordance with law" standard). Accordingly, there is no merit to the Martins' suggestion that the special master's decision bound the Court of Federal Claims as law of the case.

3. The attorneys' fees provision reads:

In awarding compensation on a petition filed under section 300aa–11 of this title the special master or court shall also award as part of such compensation an amount to cover—
 (A) reasonable attorneys' fees, and
 (B) any other costs,
incurred in any proceeding on such petition. If the judgment of the United States Court of Federal Claims on such a petition does not award compensation, the special master or court may award an amount of compensation to cover petitioner's reasonable attorneys' fees and other costs incurred in any proceeding on such petition if the special master or court determines that the petition was brought in

master's (or the court's) discretion is not unfettered; there must first be a judgment "on such a petition"—that is, "on a petition filed under section 300aa–11." *Id.* Section 300aa–15 says nothing about jurisdiction. Contrary to the Martins' suggestion to this court, section 300aa–15(e)(1) simply authorizes fee awards in cases already within the jurisdiction of the Court of Federal Claims. *Cf. Johns-Manville Corp. v. United States,* 893 F.2d 324, 327–28 (Fed.Cir.1989) (reversing award of costs where court had no subject matter jurisdiction).

Where it does address jurisdiction, the Vaccine Act gives the Court of Federal Claims (and its special masters) jurisdiction "over proceedings to determine if a petitioner under section 300aa–11 of this title is entitled to compensation under the [Vaccine Injury Compensation] Program and the amount of such compensation." 42 U.S.C. § 300aa–12(a) (Supp. V 1993). Section 300aa–11, in turn, sets out the rules governing petitions for compensation. Subsection 11(a) lists several categories of persons who "may not file a petition" under the Act. *See* 42 U.S.C. § 300aa–11(a)(5) (person with pending civil action for damages), § 300aa–11(a)(6) (person who files civil action for damages after effective date), and § 300aa–11(a)(7) (person awarded damages in a civil action); *see also Flowers v. Secretary of Health and Human Servs.,* 49 F.3d 1558, 1562 (Fed.Cir.1995) (holding petition barred under section 300aa–11(a)(5)). At issue here is subsection 11(a)(6), which bars the filing of a petition for compensation for a vaccine-related injury if the petitioner has filed a civil action for damages for that injury after November 15, 1988.

The Martins contend that section 300aa–11(a)(6) goes to the merits of their compensation claim, not to the court's jurisdiction to entertain the petition in the first instance. They point to the special master's decision awarding fees and costs, where the special master concluded there was jurisdiction on two grounds: first, that nothing indicated that section 300aa–11(a)(6) was any different from any other provision relating to the mer-

its of a compensation claim; and second, that the Martins had raised a nonfrivolous allegation that they were entitled to compensation, the resolution of which required that the special master first take jurisdiction over their petition for compensation.

Here, though, the statute expressly states that a person who meets its terms "may not file" a petition for vaccine compensation. 42 U.S.C. § 300aa–11(a)(6). This language distinguishes this subsection's requirements (as well as those of the parallel provisions of section 300aa–11(a)(5) and section 300aa–11(a)(7)) from other elements of a claim for compensation under the Vaccine Act. Indeed, section 300aa–13, entitled "Determination of eligibility and compensation," requires that "[c]ompensation shall be awarded under the Program to a petitioner if the special master or court finds on the record as a whole—(A) that the petitioner has demonstrated by a preponderance of the evidence the matters required in the petition by section 300aa–11(c)(1) of this title." *Id.* § 300aa–13(a)(1) (1988 & Supp. V 1993). While Congress made the requirements of subsection (c)(1) part of a petitioner's prima facie case, it made subsection 11(a)(6) a bar to filing a petition in the first place. Reading these provisions in the context of section 300aa–12, we are left with the inescapable impression that Congress intended section 300aa–11(a)(6) to limit the court's jurisdiction. *Cf. Matos v. Secretary of Health & Human Servs.,* 35 F.3d 1549, 1552 n. 8 (Fed. Cir.1994); *Weddel,* 23 F.3d at 393.

 We recognize that the distinction between facts necessary to establish jurisdiction and those necessary to prove a claim is often a close one, carrying significant legal consequences. *See Spruill v. Merit Sys. Protection Bd.,* 978 F.2d 679, 687 (Fed.Cir. 1992). But we cannot agree with the suggestion that a particular matter goes to the merits of a claim, and not jurisdiction, whenever a court must resolve legal, or even factual, issues in reaching a decision. Every federal court has the responsibility to determine whether it, as well any tribunal it is reviewing, has jurisdiction. *Williams v. Sec-*

---

good faith and there was a reasonable basis for the claim for which the petition was brought.

42 U.S.C. § 300aa–15(e)(1) (1988 & Supp. V 1993).

retary of the Navy, 787 F.2d 552, 557 (Fed. Cir.1986). This proves only that every court has jurisdiction to determine the limits of its jurisdiction in a particular case. *Johns–Manville*, 893 F.2d at 328. It is something else entirely to say, as the Martins do, that a court has jurisdiction over the merits of a claim whenever a party can raise a nonfrivolous legal or factual allegation that jurisdiction exists. Instead, a court assessing jurisdiction must determine whether the facts alleged establish that there is jurisdiction. Only then may it adjudicate the merits of the claim. In this case, the Court of Federal Claims determined that the claims fell within section 300aa–11(a)(6). Having done so, it necessarily concluded there was no jurisdiction to award fees.

The Martins contend that the Court of Federal Claims improperly made findings of fact when it determined that their petition was barred by section 300aa–11(a)(6). In determining its jurisdiction under this section, the court had to decide whether (1) the Martins' civil action was filed after November 15, 1988; (2) that action sought damages for a vaccine-related injury associated with a pre–1988 vaccine administration; and (3) their Vaccine Act petition sought compensation for the same vaccine-related injury. The record shows that the Martins filed suit on November 15, 1989, well after the statutory date. Their complaint alleged that Ryan suffered paralysis in his legs as a result of a DPT vaccination. The Vaccine Act petition alleged that he suffered paralysis in his legs as a result of an administration of oral polio vaccine.

These allegations patently invoke section 300aa–11(a)(6). After November 15, 1988, the Martins filed a civil action for damages for Ryan's paralysis. After they dismissed that suit, they filed a petition for compensation for the same injury—paralysis of Ryan's legs. That is all the statute requires. The Martins point to the different vaccines implicated in the civil action and the Vaccine Act petition respectively, but by the terms of the statute that distinction is irrelevant. The Act asks whether they sought compensation for the same injury; it asks nothing about what vaccine caused that injury. The Mar-

tins were barred from filing a petition for compensation under the Vaccine Act. Because the special master had no jurisdiction over the petition, there was no jurisdiction over the request for attorneys' fees and costs.

### Conclusion

Accordingly, the judgment of the United States Court of Federal Claims is affirmed.

*AFFIRMED.*