Walter and Marlena HEBERN, as
parents of Sarah Hebern, a
minor, Petitioners,

v.

The UNITED STATES, Respondent.

No. 01–361V.

United States Court of Federal Claims.

Oct. 23, 2002 *.

Stanley P. Kops, Bala Cynwyd, Pennsylvania, attorney of record for petitioners.

Gregory W. Fortsch, with whom were Assistant Attorney General Robert D. McCallum, Jr., Acting Director John Lodge Euler, Acting Deputy Director Mark W. Rogers, and Acting Assistant Director Gabrielle Manganiello, U.S. Department of Justice, Civil Division, Torts Branch, Washington, D.C., for respondent.

ORDER AFFIRMING DECISION
OF SPECIAL MASTER

WIESE, Judge.

This matter comes before the court on petitioners' motion for review of the special master's May 2, 2002, decision denying their application for attorneys' fees and costs arising from a petition for vaccine compensation brought on behalf of their daughter, Sarah Hebern, under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), 42 U.S.C. §§ 300aa–1 to –34 (2000). The matter has been briefed by the parties and oral argument was heard on October 17, 2002. At the conclusion of the argument, the court issued a bench ruling in defendant's favor. This order formalizes that ruling.

I.

Petitioners filed a claim for vaccine compensation in this court on June 14, 2001. In their petition, petitioners acknowledged that their claim was statutorily out of time because it had not been brought within 36 months after the occurrence of the first symptom of Sarah's alleged vaccine-caused injury. Petitioners maintained, however, that in light of the special circumstances of Sarah's case, the Vaccine Act's 36–month filing deadline set forth at 42 U.S.C. § 300aa–16(a)(2) should be equitably tolled.

The special master rejected petitioners' argument. Relying on *Brice v. Sec'y of Health and Human Servs.*, 240 F.3d 1367 (Fed.Cir.), *cert. denied,* 534 U.S. 1040, 122 S.Ct. 614, 151 L.Ed.2d 538 (2001), the special master ruled that as a matter of law the doctrine of equitable tolling does not apply in cases brought under the Vaccine Act. *Hebern v. Sec'y of Health and Human Servs.*, No. 01–0361V (Fed.Cl. Sept. 10, 2001). Accordingly, the special master dismissed the petition as barred by the statute of limitations. Petitioners did not appeal the decision.

* Reissued for Publication November 18, 2002     upon Respondent's Request

Following the dismissal of their compensation claim, petitioners moved for an award of attorneys' fees and costs pursuant to the Vaccine Act's fee-shifting provision set forth at 42 U.S.C. § 300aa–15(e). The special master rejected that claim as well. In an unpublished decision entered on May 2, 2002, the special master ruled that because this court did not have jurisdiction over petitioners' case-in-chief, it similarly lacked jurisdiction over petitioners' request for attorneys' fees and costs. In support of this ruling, the special master relied on the Federal Circuit's decision in *Martin v. Sec'y of Health and Human Servs.*, 62 F.3d 1403 (Fed.Cir.1995).

## II.

 In *Martin*, the Federal Circuit held that the fee-shifting provision of the Vaccine Act does not constitute an independent grant of jurisdiction that can be exercised in the absence of jurisdiction over the underlying claim. The *Martin* court concluded that because the petitioners in that case were precluded under 42 U.S.C. § 300aa–11(a)(6) from bringing their claim in this court (by virtue of already having sought relief in district court), there was no basis upon which to support an award of attorneys' fees. The court explained:

> [42 U.S.C. § 300aa–15(e)(1)] mandates the award of attorneys' fees and costs to successful petitioners, and allows the special master or court to make a discretionary award of fees and costs to unsuccessful petitioners under certain conditions.... But the special master's (or the court's) discretion is not unfettered; there must first be a judgment "on such a petition"— that is, "on a petition filed under section 300aa–11." *Id.* Section 300aa–15 says nothing about jurisdiction. Contrary to the Martins' suggestion to this court, section 300aa–15(e)(1) simply authorizes fee awards in cases already within the jurisdiction of the Court of Federal Claims.

*Martin*, 62 F.3d at 1405–06 (footnote omitted). The court concluded its opinion as follows: "Because the special master had no jurisdiction over the petition, there was no

jurisdiction over the request for attorneys' fees and costs." *Id.* at 1407.

 We can discern no principled basis upon which to distinguish between the facts presented in *Martin* and the facts presented in this case. In *Martin*, as here, the claim before the court ran afoul of a prohibition on suit expressly set forth in the Vaccine Act and thus was held to be beyond this court's jurisdiction. Because the court in *Martin* had no jurisdiction to hear the petitioners' claim in the first instance, it correspondingly had no jurisdiction to award attorneys' fees. That same result must follow in this case.

## III.

For the reasons set forth above, the special master's dismissal of petitioners' claim for attorneys' fees and costs is affirmed.