PER CURIAM.
Walter and Marlena Hebern, as parents of Sarah Hebern, appeal from an order of the United States Court of Federal Claims affirming the decision of the Special Master denying the appellant’s request for payment of attorneys’ fees and costs in connection with the filing of an application for benefits under the National Childhood Vaccine Act of 1986 (‘Vaccine Act”), 42 U.S.C. §§ 300aa-l et seq. Because the Court of Federal Claims correctly concluded that it lacked jurisdiction to hear the request for the payment of attorneys’ fees and costs, we affirm.
In 1990, Sarah Hebern became paralyzed after being vaccinated for polio. Because Sarah’s paralysis occurred more than 30 days after the date on which she was vaccinated, Sarah’s doctors determined that the vaccine she received did not induce the paralysis. The Heberns contend that Sarah’s doctors now agree that Sarah’s paralysis was caused by polio that she contracted through contact with another child following the other child’s vaccination. Proceeding on that theory, the Heberns filed a petition for relief under the Vaccine Act in June 2001.
The Vaccine Act provides, in pertinent part, that “no petition may be filed for compensation under the Program for [a vaccine-related] injury after the expiration of 36 months after the date of the occurrence of the first symptom or manifestation of onset of the significant aggravation of such injury....” 42 U.S.C. § 300aa-16(a)(2). Pursuant to that provision, the Heberns were required to file their petition in 1993.
In the proceeding following the filing of their petition, the Heberns contended that, through no fault of their own, they did not determine the cause of Sarah’s injuries before June 2000, and that the 36-month limitations period for filing a petition under the Vaccine Act should have been equitably tolled. A special master of the Court of Federal Claims, however, dismissed the petition as untimely, holding that equitable tolling does not apply to petitions for compensation under the Vaccine Act. The Heberns did not appeal that decision, and a final judgment was issued on the petition in October 2001.
In April 2002, the Heberns filed an application for attorneys’ fees and costs under 42 U.S.C. § 300aa-15(e), which authorizes the special master or court to award compensation to cover the petitioner’s reasonable attorneys’ fees and costs, even if the petition was unsuccessful, if the special master or court determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought. The special master denied the application on the ground that, because the court did not have jurisdiction over the Heberns’ petition for compensation, it did not have jurisdiction to award attorneys’ fees and costs. On review of the special master’s decision, the Court of Federal Claims affirmed and dismissed the application.
It is undisputed that the Heberns’ petition for compensation was not filed within the 36-month period provided in the Vaccine Act and thus would be timely only if the limitations period was equitably tolled. This court, however, has held that equitable tolling is not permitted under 42 U.S.C. § 300aa-16(a)(2). See Brice v. Sec’y of Health & Human Servs., 240 F.3d 1367, 1372-74 (Fed.Cir.2001). Therefore, the special master in the compensation proceeding properly held that the Heberns’ compensation petition was time-barred and that the court did not have jurisdiction to hear the petition.
Because the Court of Federal Claims lacked jurisdiction over the compensation petition, it also lacked jurisdiction over the application for attorneys’ fees and costs. The attorney fee provision of the Vaccine *335 Act, 42 U.S.C. § 300aa-15(e), is not an independent grant of jurisdiction for the Court of Federal Claims to award attorneys’ fees and costs in Vaccine Act cases. See Martin v. Sec’y of Health & Human Servs., 62 F.3d 1403 (Fed.Cir.1995). Rather, “Section 300aa-15(e)(l) simply authorizes fee awards in cases already within the jurisdiction of the Court of Federal Claims.” Id. at 1406. Inasmuch as the Court of Federal Claims did not have jurisdiction to hear the underlying petition, it did not have jurisdiction to hear the request for attorneys’ fees and costs. Accordingly, the court was correct in denying the Heberns’ application for attorneys’ fees and costs.