Joseph Tilghman BRICE, Laurajean
Council Brice and Joseph Osler
Brice, Petitioners–Appellants,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES, Re-
spondent–Appellee.

No. 03–5079.

United States Court of Appeals,
Federal Circuit.

DECIDED: Feb. 11, 2004.

Peter H. Meyers, The Jacob Burns
Community Legal Clinics, of Washington,
DC, argued for petitioners-appellants.

Mark W. Rogers, Acting Deputy Di-
rector, Torts Branch, Civil Division, Unit-
ed States Department of Justice, of
Washington, DC, argued for respondent-
appellee. With him on the brief were Pe-
ter D. Keisler, Assistant Attorney Gener-
al, and John Lodge Euler, Deputy Di-
rector.

Before CLEVENGER, RADER and
DYK, Circuit Judges.

CLEVENGER, Circuit Judge.

Joseph Tilghman Brice, Laurajean
Council Brice, and Joseph Osler Brice
(collectively "the Brices") appeal the deci-

sion of the Court of Federal Claims denying their motion for attorneys' fees and costs made during proceedings under the National Childhood Vaccine Injury Act of 1986 (the "Vaccine Act"), Pub. L. No. 99–660, tit. III, 100 Stat. 3755 (codified as amended at 42 U.S.C. §§ 300aa–1 through 300aa–34). *See Brice v. Sec'y of Health & Human Servs.*, 55 Fed.Cl. 366, 367 (Fed. Cl.2003). Because the Court of Federal Claims correctly denied the Brices' motion, we affirm.

## I

This is the second time we have been asked to review a decision of the Court of Federal Claims concerning the Brices' claim for compensation under the Vaccine Act. Joseph Tilghman Brice, a minor child, received a Measles, Mumps, and Rubella ("MMR") vaccination on April 30, 1992. *See Brice v. Sec'y of Health & Human Servs.*, 240 F.3d 1367, 1369 (Fed.Cir.2001). On December 19, 1995, Laurajean Councill Brice and Joseph Osler Brice, the parents of Joseph Tilghman Brice, filed a claim under section 16(a)(2) of the Vaccine Act on their son's behalf in order to receive compensation for injuries he suffered after receiving the MMR vaccination. *Id.*

The Special Master assigned to the Brices' case dismissed their claim for lack of jurisdiction, because it was filed more than seven months after the statutorily prescribed date by which they were required to file a petition for compensation. *Id.* The Brices sought review of the Special Master's decision in the Court of Federal Claims. *Id.* That court determined that the Brices' untimely filing might be excusable under the doctrine of equitable tolling and remanded the case to the Special Master to determine whether, in fact, their

untimeliness was excusable in light of the circumstances surrounding the prosecution of their claim. *Id.* Ultimately, the Special Master determined that the Brices' untimeliness was not excusable under the doctrine of equitable tolling. The court affirmed the Special Master's decision to dismiss. *Id.* at 1370.

The Brices timely appealed that decision to this court. Joseph's parents, who are not attorneys, wished to represent themselves as well as their minor son in proceedings before this court. However, citing Federal Circuit Rule 47.3,[1] the Clerk of the Court informed Joseph's parents that they could not represent their son's interests because "[a] nonattorney ... may not represent another person[ ]" in this court and that "in order for [the appeal] to proceed, [Joseph] must be represented by counsel." (J.A. at 16.) As a result, the Brices retained the services of present counsel to represent their son's interests in the appeal.

We affirmed the decision of the Court of Federal Claims. We rejected the argument, advanced on appeal, that an untimely filed claim for compensation could still be within the jurisdiction of the Court of Federal Claims under the doctrine of equitable tolling and held that equitable tolling is never available for claims arising under section 16(a)(2) of the Vaccine Act. *Id.* at 1372–74.

On May 17, 2002, the Brices moved the Court of Federal Claims for attorneys' fees and costs incurred in connection with their first appeal to this court. The Special Master concluded that she lacked jurisdiction to award attorneys' fees because the Brices were unable to cure the jurisdictional defects that prevented her from

---

1. Federal Circuit Rule 47.3 states in pertinent part: "An individual (not a corporation, partnership, organization, or other legal entity) may choose to be represented by counsel or to represent himself or herself pro se, but may not be represented by a nonattorney."

considering their petition on the merits. *Brice v. Sec'y of Health & Human Servs.,* No. 95–835V, 2002 WL 31051640, at *2 (Fed.Cl. Aug. 9, 2002).

On September 5, 2002, the Brices moved the Court of Federal Claims to review the Special Master's decision denying their motion for attorneys' fees. In reviewing the Special Master's decision, the Court of Federal Claims determined that, in our decision in *Martin v. Secretary of Health and Human Services,* 62 F.3d 1403, 1406–07 (Fed.Cir.1995), we held that a Special Master does not have jurisdiction to award attorneys' fees and costs under the Vaccine Act if she does not have jurisdiction to reach the merits of a claim for compensation. *See Brice v. Sec'y of Health & Human Servs.,* 55 Fed.Cl. at 368. The Brices argued, in part, that the Rule of Necessity doctrine warranted an exception to our holding in *Martin* because the rules of this court forced Joseph's parents to hire an attorney to do what they could not—litigate their son's first appeal to this court. *Id.* at 371. The Court of Federal Claims declined to create the exception to *Martin* the Brices advocated and affirmed the Special Master's decision to deny the motion for attorneys' fees. *Id.* at 372. The Brices again appealed to us for relief. We have jurisdiction over the Brices' appeal under 28 U.S.C. § 1295(a)(3) and 42 U.S.C. § 300aa–12(f).

## II

On appeal, the Brices argue anew for "a narrow 'Rule of Necessity' exception to the holding of *Martin,* so that pro se parents in Vaccine Act cases dismissed on jurisdictional grounds can obtain legal counsel in this Court, and therefore obtain judicial review in this Court, of claims involving their minor children." Courts have historically invoked the Rule of Necessity to permit judges, under limited circum-

stances, to participate in cases in which they might otherwise be disqualified. *See United States v. Will,* 449 U.S. 200, 213–16, 101 S.Ct. 471, 66 L.Ed.2d 392 (1980) (discussing historical application of the Rule of Necessity); *Williams v. United States,* 240 F.3d 1019, 1025 (Fed.Cir.2001) ("[T]he centuries-old 'Rule of Necessity,' … allows—and even seems to require—federal judges to hear and decide matters in which they have a financial interest, if necessary to the exercise of the court's jurisdiction.") (citing *Will,* 449 U.S. at 214, 101 S.Ct. 471). In this appeal however, the Rule of Necessity is invoked because two nonattorneys have been disqualified from representing the interests of their minor child in this court.

Although the facts of this case are not those which historically lend themselves to application to the Rule of Necessity, we perceive the Brices to propose a rule that would require us to revisit and redefine the contours of jurisdiction under the Vaccine Act. As such, the Brices' appeal presents issues of law that we review *de novo. See Martin,* 62 F.3d at 1405 (stating that issues of statutory interpretation and jurisdiction under the Vaccine Act raise questions of law reviewed *de novo); Munn v. Sec'y of Health and Human Servs.,* 970 F.2d 863, 870 (Fed.Cir.1992) (indicating that the Court of Federal Claims is accorded "little if any deference" on issues of law arising under the Vaccine Act).

## III

■ The Vaccine Act contemplates that reasonable attorneys' fees and other costs shall comprise part of the compensation awarded to a successful claimant. 42 U.S.C. § 300aa–15(e)(1)(A), (B) (2000). Even unsuccessful claimants, whose claims do not warrant the award of any compensation, may receive reasonable attorneys' fees and other costs if the Special Master

or the court "determines that the petition was brought in good faith and there was a reasonable basis for the claim for which the petition was brought." 42 U.S.C. § 300aa–15(e)(1)(B) (2000).

The jurisdiction of the Court of Federal Claims to award attorneys' fees under the Vaccine Act is not unlimited. The court must have jurisdiction over a petitioner's claim for compensation before it can award attorneys' fees. *See Martin,* 62 F.3d at 1406 (stating "section 15(e)(1) simply authorizes fee awards in cases already within the jurisdiction of the Court of Federal Claims") (citation omitted). An award of attorneys' fees may be no greater than $30,000 in compensation claims for injuries suffered as a result of a vaccination administered prior to the effective date of section 300aa–11[2] of the Vaccine Act. *See* 42 U.S.C. § 300aa–15(b) (2000). Furthermore, section 300aa–15(e)(3) states that "[n]o attorney may charge any fee for services in connection with a petition filed under section 300aa–11 ... which is in addition to any amount awarded as compensation by the special master or court...." We have interpreted section 15(e)(3) to require "money awarded under the Vaccine Act as victim compensation [to] only be used to pay for the injury-related expenses upon which it was calculated, and ... not to pay for attorney fees and costs[.]" *Beck v. Sec'y of Health & Human Servs.,* 924 F.2d 1029, 1035 (Fed. Cir.1991).

At oral argument, counsel for the appellants proposed a construction of section 15(e)(3) that would have unfortunate consequences in light of our decision in *Martin.* Counsel asserted that section 15(e)(3) precludes an attorney from ever entering into a fee agreement with a claimant's family that contemplates the collection of a fee in the event that the claim is dismissed for want of jurisdiction. This is so, because the preclusive effect of section 15(e)(3) purportedly applies in cases, like the one at bar, where a claim for compensation is dismissed for want of jurisdiction as well as those in which the claim is decided on the merits. Thus, where a claim is dismissed as time-barred, as it was here, an attorney could never collect a fee.

The Brices suggest that the confluence of section 15(e)(3), so construed, with our decision in *Martin* and the prohibition in this court on nonlawyer parents from representing the interests of their children, puts them and other similarly situated families in an unfortunate position. Faced with any risk of dismissal on jurisdictional grounds in the Court of Federal Claims, such families are at the mercy of attorneys willing to litigate their appeal before us *pro bono publico.* The appellants' counsel suggested that fee agreements that contravened section 15(e)(3) would be unenforceable as against public policy and might even subject the attorney to sanctions as well as disbarment. Thus, the Brices argue, the Rule of Necessity militates in favor of a narrow exception to our decision in *Martin* permitting the award of attorneys' fees in cases where Vaccine Act

---

2. Section 300aa–11 of the Vaccine Act, entitled "Petitions for compensation," sets forth, *inter alia,* the prima facie elements for a Vaccine Act claim. *See* 42 U.S.C. § 300aa–11(c)(1) (setting forth the required contents of a petition for compensation for a vaccine-related injury or death under the Vaccine Act); *Martin,* 62 F.3d at 1406 ("Congress made the requirements of subsection (c)(1) part of a petitioner's prima facie case[.]"). That section also addresses the jurisdiction of the Court of Federal Claims in Vaccine Act cases, *see Martin,* 62 F.3d at 1406 ("Congress intended section 300aa–11(a)(6) to limit the court's jurisdiction."), and designates who may file a petition for compensation under the Vaccine Act, *see* 42 U.S.C. § 300aa–11(b)(1)(A).

claims are dismissed for want of jurisdiction.

We are not persuaded that an exception to our holding in *Martin* is necessary to further the goals of the Vaccine Act. As an initial matter, it is not entirely certain, as the Brices argue, that the Court of Federal Claims would have continuing jurisdiction to disapprove a fee agreement after it has dismissed a compensation claim for want of jurisdiction. *See Beck*, 924 F.2d at 1037 (declining to rule on the scope of continuing jurisdiction of the Court of Federal Claims to disapprove Vaccine Act fee agreements). This question is not before us, and therefore, we decline to decide it.

■ Moreover, we think the Brices have overlooked a key limitation on the scope of section 15(e)(3), and have consequently misconstrued that provision of the Vaccine Act. Section 15(e)(3), by its very terms, only regulates attorneys' fees "charge[d] ... for services in connection with a petition filed under *section 300aa–11*." 42 U.S.C. § 300aa–15(e)(3) (2000) (emphasis added). We hold that a petition for compensation filed under the Vaccine Act that is dismissed for want of jurisdiction is not "a petition filed under section 300aa–11" as provided in section 15(e)(3). Therefore, section 15(e)(3) does not preclude an attorney from charging a fee for litigating an appeal of a decision of the Court of Federal Claims dismissing a claim for Vaccine Act compensation for want of jurisdiction.

We were confronted with a similar issue in *Martin*, where it was argued that the Vaccine Act gave the Court of Federal Claims jurisdiction to award attorneys' fees to a claimant whose petition was dismissed on jurisdictional grounds. *See Martin*, 62 F.3d at 1405–06. We held that section 15(e)(1)(B) of the Vaccine Act, which authorizes the Court of Federal Claims to award attorneys' fees to unsuccessful claimants under certain circum-

stances, was only available, by its express terms, to parties who had "filed petitions under section 300aa–11," *i.e.*, petitions that were "already within the jurisdiction" of the court. *Id.* at 1406. Thus, we concluded that section 15(e)(1)(B) was not available to unsuccessful claimants whose petitions were dismissed for lack of jurisdiction because they had not "filed petitions under section 300aa–11." *Id.* Today, we construe the phrase "petition filed under section 300aa–11" as we did in *Martin* so as to exclude from its meaning Vaccine Act petitions that are dismissed for lack of jurisdiction. *See Butterbaugh v. Dep't of Justice*, 336 F.3d 1332, 1338–39 (Fed.Cir. 2003) (noting courts expect administrative agencies to construe consistently the same terms found in closely related statutes); *SKF USA Inc. v. United States*, 263 F.3d 1369, 1383 (Fed.Cir.2001) (noting the Supreme Court has construed differently the same terms found in different sections of the same statute on rare occasions).

Our construction of section 15(e)(3) obviates the concerns the Brices raise regarding access to legal representation in this court in appeals that raise jurisdictional questions under the Vaccine Act. In the future, families such as the Brices, whose claims for compensation present jurisdictional questions, are free to conclude fee agreements with attorneys willing to represent them at any stage of the prosecution of their claim. In the event their claims are finally dismissed for lack of jurisdiction, section 15(e)(3) would not stand in the way of an attorney's efforts to collect on such an agreement a reasonable fee for representing the family in the appeal of the dismissal to us.

IV

For the reasons stated above, we affirm the decision of the Court of Federal Claims affirming the Special Master's dis-

missal of the Brices' motion for attorneys' fees and costs.

*AFFIRMED.*